CLERKS OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
10/01/2019
JULIA C. DUDLEY, CLERK
BY: /s/ J. JONES
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) Civil No. 3:19-cv-00061 |
| JOHN M. VEST, JR., | ) |
| Defendant. | ) |

# COMPLAINT

Plaintiff, the United States of America, on behalf of the U.S. Department of Agriculture Farm Service Agency (USDA-FSA), successor to the Farmers Home Administration, hereby alleges as follows:

## INTRODUCTION

1. This action is brought by the United States of America to collect an unpaid farm loan made by USDA-FSA to Defendant John M. Vest, Jr.

2. Defendant has failed to pay USDA-FSA for a loan it made to Defendant in 1999, which has a balance of $58,141.81, inclusive of interest as of September 5, 2019. As a result, the United States seeks "to recover a judgment on [the] debt" pursuant to the Federal Debt Collection Procedures Act (FDCPA). 28 U.S.C. § 3001(a).

## JURISDCTION AND VENUE

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1345 because the

United States of America is the plaintiff.

4. Venue is proper in the Western District of Virginia pursuant to 28 U.S.C. §§ 1391(b)(1) and 3001(b) because Defendant resides in the Western District of Virginia.

## PARTIES

5. Plaintiff is the United States of America acting pursuant to its authority under the FDCPA to collect debt owed to the United States.

6. Defendant is John M. Vest, Jr., who resides in North Garden, Virginia.

## FACTS

7. On August 27, 1999, USDA-FSA advanced Defendant $68,320.00 for a personal farm loan (Loan No. 44-01). On September 10, 1999, Defendant signed a promissory note to USDA-FSA for a principal amount of $68,320.00, charging 5% interest per annum. The subject promissory note is attached hereto as Exhibit A and is incorporated herein by reference.

8. Defendant became delinquent on his loan. In 2004, Defendant requested primary loan servicing, accepted the offer to restructure his loan, and on June 17, 2004, Defendant signed rescheduled promissory note 44-02 to USDA-FSA for $74,787.78, at a rate of 3.5% interest per annum for ten years (Loan No. 44-02). The subject promissory note is attached hereto as Exhibit B and is incorporated herein by reference.

9. Defendant failed to make his June 17, 2010 payment. USDA-FSA attempted to work with the Defendant to bring account current, but the delinquency was never cured.

10. On May 16, 2014, USDA-FSA filed a continuation of their financing statement with the Virginia State Corporation Commission to ensure its security interest remained perfected. In so doing, USDA-FSA incurred a $20.00 filing fee, which was charged to Defendant. The receipt

for the filing fee is attached hereto as Exhibit C and in incorporated herein by reference.

11. USDA-FSA accelerated Defendant's loan on October 4, 2016, which declared the entire indebtedness immediately due and payable. Defendant did not respond to USDA-FSA's acceleration letter.

12. The loans listed above were secured by signed security agreements and financing statements filed with the State Corporation Commission.

13. USDA-FSA is unable to enforce its perfected lien on collateral, as it has either been disposed of or is in such poor condition as to render it valueless.

## UNITED STATES' CLAIM FOR JUDGMENT ON DEBT

14. The United States incorporates by reference the allegations contained in paragraphs 1 through 13.

15. Defendant agreed to repay to USDA-FSA the rescheduled principal amount of Loan No. 44-02 and Loan No. 44-98, with interest, according to the schedule stated in the promissory note.

16. Defendant has failed to make payments to USDA-FSA as set forth in the promissory note.

17. On October 4, 2016, USDA-FSA sent Defendant an acceleration letter, which declared the entire indebtedness immediately due and payable. Defendant did not respond.

18. As of September 5, 2019, the principal balance owed on Defendant's loans is $46,097.88, with interest in the amount of $12,043.93. Interest continues to accrue on these loans at a daily rate of about $4.42. *See* Affidavit of Indebtedness, Ex. D.

19. Defendant owes the United States a debt as defined by the FDCPA.

# PRAYER FOR RELIEF

The United States of America respectfully requests the following relief:

1. A Judgment against Defendant for the unpaid principal balance and interest of his USDA-FSA loans, in an amount not less than $58,141.81, plus interest accruing after September 5, 2019, pursuant to the FDCPA;

2. A Judgment against Defendant for the 10% surcharge authorized by the FDCPA, 28 U.S.C. § 3011(a); and

3. Any other appropriate relief.

Respectfully submitted,

THOMAS T. CULLEN
UNITED STATES ATTORNEY

Date: October 1, 2019

*/s/ Krista Consiglio Frith*
Krista Consiglio Frith
Assistant United States Attorney
Virginia State Bar No. 89088
P. O. Box 1709
Roanoke, VA 24008-1709
Telephone: (540) 857-2250
Facsimile: (540) 857-2283
Email: krista.frith@usdoj.gov

4

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| UNITED STATES | John M. Vest, Jr. |
| **(b)** County of Residence of First Listed Plaintiff _____ <br> *(EXCEPT IN U.S. PLAINTIFF CASES)* | County of Residence of First Listed Defendant **Albemarle County** <br> *(IN U.S. PLAINTIFF CASES ONLY)* <br> NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED. |
| **(c)** Attorneys *(Firm Name, Address, and Telephone Number)* <br> Krista Consiglio Frith <br> US Attorneys Office <br> 3101st St. SW, Room 906, Roanoke, VA 24011 | Attorneys *(If Known)* |

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

[X] 1 U.S. Government Plaintiff
[ ] 2 U.S. Government Defendant
[ ] 3 Federal Question *(U.S. Government Not a Party)*
[ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | | | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards Act | [ ] 840 Trademark | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 371 Truth in Lending | [ ] 720 Labor/Management Relations | **SOCIAL SECURITY** | [ ] 480 Consumer Credit |
| [X] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 380 Other Personal Property Damage | [ ] 740 Railway Labor Act | [ ] 861 HIA (1395ff) | [ ] 490 Cable/Sat TV |
| [ ] 195 Contract Product Liability | | [ ] 385 Property Damage Product Liability | [ ] 751 Family and Medical Leave Act | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 196 Franchise | [ ] 362 Personal Injury - Medical Malpractice | | | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| | | | | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| | | | [ ] 790 Other Labor Litigation | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information Act |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 896 Arbitration |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | | | |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | | |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | **IMMIGRATION** | | [ ] 950 Constitutionality of State Statutes |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** | [ ] 462 Naturalization Application | | |
| | [ ] 448 Education | [ ] 540 Mandamus & Other | [ ] 465 Other Immigration Actions | | |
| | | [ ] 550 Civil Rights | | | |
| | | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

[X] 1 Original Proceeding
[ ] 2 Removed from State Court
[ ] 3 Remanded from Appellate Court
[ ] 4 Reinstated or Reopened
[ ] 5 Transferred from Another District *(specify)*
[ ] 6 Multidistrict Litigation - Transfer
[ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. 1345
Brief description of cause:
Suit to obtain judgment against the defendant for default on USDA farm loan promissory notes.

## VII. REQUESTED IN COMPLAINT:

[ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.
**DEMAND $** 58,141.81
CHECK YES only if demanded in complaint:
**JURY DEMAND:** [ ] Yes [X] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):* JUDGE _____ DOCKET NUMBER _____

DATE: 10/01/2019
SIGNATURE OF ATTORNEY OF RECORD: /s/ Krista Consiglio Frith

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

USDA-FmHA
Form FmHA 1940-17
(Rev. 4-92)

# PROMISSORY NOTE

| Name | | |
|---|---|---|
| JOHN M. VEST, JR | | |
| State | County | |
| VIRGINIA | ALBEMARLE | |
| Case No. | Date | |
| 54-002-0229823282 | SEPTEMBER 10, 1999 | |
| Fund Code | Loan No. | |
| 44 | 01 | |

**KIND OF LOAN**
Type: __OL__
☐ Regular
☒ Limited Resource

Pursuant to:
☐ Consolidated Farm & Rural Development Act
☐ Emergency Agricultural Credit Adjustment Act of 1978

**ACTION REQUIRING NOTE**
☒ Initial loan ☐ Rescheduling
☐ Subsequent loan ☐ Reamortization
☐ Consolidated & subsequent loan ☐ Credit sale
☐ Deferred payments
☐ Consolidation ☐ Debt write down
☐ Conservation easement

FOR VALUE RECEIVED, the undersigned Borrower and any cosigners jointly and severally promise to pay to the order of the United States of America, acting through the Farmers Home Administration, United States Department of Agriculture, (herein called the "Government"), or its assigns, at its office in __HC 02 BOX 370-A BUCKINGHAM, VA 23921__

_____, or at such other place as the Government may later designate in writing, the principal sum of

__SIXTY-EIGHT THOUSAND THREE HUNDRED TWENTY DOLLARS AND NO/100_____ dollars

($__68,320.00__), plus interest on the unpaid principal balance at the **RATE** of

__FIVE__ percent (__05.0000__ %) per annum and

__0__ dollars ($__0__)

of Noncapitalized interest. If this note is for a Limited Resource loan (indicated in the "Kind of Loan" box above) the Government may **CHANGE THE RATE OF INTEREST**, in accordance with regulations of the Farmers Home Administration, not more often than quarterly, by giving the Borrower thirty (30) days prior written notice by mail to the Borrower's last known address. The new interest rate shall not exceed the highest rate established in regulations of the Farmers Home Administration for the type of loan indicated above.

Principal and interest shall be paid in __7__ installments as indicated below, except as modified by a different rate of interest, on or before the following dates:

| $ 9,000.00 | on 9-10-00 | ; $ 12,361.00 | on 9-10-01 ; |
| $ 12,361.00 | on 9-10-02 | ; $ 12,361.00 | on 9-10-03 ; |
| $ 12,361.00 | on 9-10-04 | ; $ 12,361.00 | on 9-10-05 ; |
| $ 12,361.00 | on 9-10-06 | ; $ | on ; |
| $ | on | ; $ | on ; |
| $ | on | ; $ | on ; |

and $ __N/A__ thereafter on __N/A__ of each __N/A__ until the principal and interest are fully paid except that the final installment of the entire debtedness evidenced hereby, if not sooner paid, shall be due and payable __7__ years from the date of this note, and except that prepayments may be made as provided below. The consideration for this note shall also support any agreement modifying the foregoing schedule of payments.

If the total amount of the loan is not advanced at the time of loan closing, the loan funds shall be advanced to the Borrower as requested by Borrower and approved by the Government. Approval by the Government will be given provided the advance is requested for a purpose authorized by the Government. Interest shall accrue on the amount of each advance from its actual date as shown in the Record of Advances at the end of this note. Borrower authorizes the Government to enter the amount(s) and date(s) of such advance(s) in the Record of Advances.

For each rescheduled, reamortized or consolidated note for applications for Primary and Preservation Loan Service Programs received prior to November 28, 1990, interest accrued to the date of this instrument which is more than 90 days overdue shall be added to principal and such new principal shall accrue interest at the rate evidenced by this instrument. For applications for Primary and Preservation Loan Service Programs received on or after November 28, 1990, all unpaid interest accrued to the date of this instrument shall be added to the principal and such new principal shall accrue interest at the rate evidenced by this instrument.

Every payment made on any indebtedness evidenced by this note shall be applied first to a portion of any interest which accrues during the deferral period, second to accrued interest to the date of the payment on the note account and then to the principal. Nonprogram loans are not eligible for deferral.

Prepayments of scheduled installments, or any portion of these installments, may be made at any time at the option of the Borrower. Refunds and extra payments, as defined in the regulations (7 CFR §1951.8) of the Farmers Home Administration according to the source of funds involved, shall, after payment of interest, to be applied to the last installments to become due under this note and shall not affect the obligation of Borrower to pay the remaining installments as scheduled in this note.

If the Government at any time assigns this note and insures the payment of it, Borrower shall continue to make payments to the Government as collection agent for the holder. While this note is held by an insured holder, prepayments made by Borrower may, at the option of the Government, be remitted by the Government to the holder promptly or, except for final payment, be retained by the Government and remitted to the holder on an installment due date basis. The effective date of every payment made by Borrower, except payments retained and remitted by the Government on an installment due date basis, shall be the date of the United States Treasury check by which the Government remits the payment to the holder. The effective date of any prepayment retained and remitted by the Government to the holder on an installment due date basis shall be the date of the prepayment by Borrower, and the Government will pay the interest to which the holder is entitled accruing between such date and the date of the Treasury check to the holder.

Any amount advanced or expended by the Government for the collection of this note or to preserve or protect any security for the loan or otherwise expended under the terms of any security agreement or other instrument executed in connection with the loan evidenced by this note, at the option of the Government shall become a part of and bear interest at the same rate as the principal of the debt evidenced by this note and be immediately due and payable by Borrower to the Government without demand.

Property constructed, improved, purchased, or refinanced in whole or in part with the loan evidenced by this note shall not be leased, assigned, sold, transferred, or encumbered, voluntarily or otherwise, without the written consent of the Government. Unless the Government consents otherwise in writing, Borrower will operate such property as a farm if this is a Farm Ownership loan.

If "Consolidation and subsequent loan," "Debt write down," "Consolidation," "Rescheduling," or "Reamortization" is indicated in the "Action Requiring Note" block above, this note is given to consolidate, reschedule or reamortize, but not in satisfaction of the unpaid principal and interest on the following described note(s) or assumption agreement(s)(new terms):

| FUND CODE/ LOAN NO. | FACE AMOUNT | INT. RATE | DATE | ORIGINAL BORROWER | LAST INSTALL. DUE |
|---|---|---|---|---|---|
| | $ | % | , 19 | | , 19 |
| | $ | % | , 19 | | , 19 |
| | $ | % | , 19 | | , 19 |
| | $ | % | , 19 | | , 19 |
| | $ | % | , 19 | | , 19 |
| | $ | % | , 19 | | , 19 |
| | $ | % | , 19 | | , 19 |

Security instruments taken in connection with the loans evidenced by these described notes and other related obligations are not affected by this consolidating, rescheduling or reamortizing. These security instruments shall continue to remain in effect and the security given for the loans evidenced by the described notes shall continue to remain as security for the loan evidenced by this note, and for any other related obligations.

**REFINANCING (GRADUATION) AGREEMENT:** If at any time it shall appear to the Government that the Borrower may be able to obtain financing from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and periods of time, Borrower will, at the Government's request, apply for and accept a loan(s) in sufficient amount to pay this note in full and, if the lender is a cooperative, to pay for any necessary stock. The provisions of this paragraph do not apply if the loan represented by this promissory note was made to the Borrower as a nonprogram loan.

**HIGHLY ERODIBLE LAND AND WETLAND CONSERVATION AGREEMENT:** Borrower recognizes that the loan described in this note will be in default should any loan proceeds be used for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity as further explained in 7 CFR Part 1940, Subpart G, Exhibit M. If (1) the term of the loan exceeds January 1, 1990, but not January 1, 1995, and (2) Borrower intends to produce an agricultural commodity on highly erodible land that is exempt from the restrictions of Exhibit M until either January 1, 1990, or two years after the Soil Conservation Service (SCS) has completed a soil survey for the Borrower's land, whichever is later, the Borrower further agrees that, prior to the loss of the exemption from the highly erodible land conservation restrictions found in 7 CFR Part 12, Borrower must demonstrate that Borrower is actively applying on that land which has been determined to be highly erodible, a conservation plan approved by the SCS or the appropriate conservation district in accordance with SCS's requirements. Furthermore, if the term of the loan exceeds January 1, 1995, Borrower further agrees that Borrower must demonstrate prior to January 1, 1995, that any production of an agricultural commodity on highly erodible land after that date will be done in compliance with a conservation system approved by SCS or the appropriate conservation district in accordance with SCS's requirements.

**DEFAULT:** Failure to pay when due any debt evidenced by this note or perform any covenant of agreement under this note shall constitute default under this and any other instrument evidencing a debt of Borrower owing to, insured or Guaranteed by the Government or securing or otherwise relating to such debt; and default under any such other instrument shall constitute default under this note. **UPON ANY SUCH DEFAULT,** the Government at its option may declare all or any part of any such indebtedness immediately due and payable.

This Note is given as evidence of a loan to Borrower made or insured by the Government pursuant to the Consolidated Farm and Rural Development Act, or the Emergency Agricultural Credit Adjustment Act of 1978 and for the type of loan as indicated in the "Kind of Loan" block above. This Note shall be subject to the present regulations of the Farmers Home Administration and to its future regulations not inconsistent with the express provisions of this note.

Presentment, protest, and notice are waived.
*Wherever "Farmers Home Administration"
"FmHA" "Rural Development Administration"
"RDA" may appear the term "United States of America" is substituted"
(SEAL)

_____ (Borrower)
JOHN M. VEST, JR.

North Garden, VA    22959

### RECORD OF ADVANCES

| AMOUNT | DATE | AMOUNT | DATE | AMOUNT | DATE |
|---|---|---|---|---|---|
| $ 68,320.00 | 8-27-99 | $ | | $ | |
| $ | | $ | | $ | |
| $ | | $ | | $ | |
| $ | | $ | | $ | |
| | | | TOTAL | $ 68,320.00 | |

*U.S. Government Printing Office: 1993 — 755-045/80003

| REPRODUCE LOCALLY. Include form number and date on all reproductions. | | 8. KIND OF LOAN | FILE COPY |
|---|---|---|---|
| FSA-1940-17 (10-26-99) | U.S. DEPARTMENT OF AGRICULTURE Farm Service Agency | Type: OL | [X] Regular [ ] Limited Resource |
| **PROMISSORY NOTE** | | Pursuant to: [X] Consolidated Farm & Rural Development Act [ ] Emergency Agricultural Credit Adjustment Act of 1978 | |
| 1. Name JOHN M. VEST, JR. | | | |
| 2. State Virginia | 3. County Albemarle | 9. ACTION REQUIRING NOTE | |
| 4. Case Number 54-02-229823282 | 5. Date June 17, 2004 | [ ] Initial loan [ ] Subsequent loan | [X] Rescheduling [ ] Reamortization |
| 6. Fund Code 44 | 7. Loan Number (01) 02 | [ ] Consolidated & subsequent loan [ ] Consolidation [ ] Conservation easement | [ ] Credit sale [ ] Deferred payments [ ] Debt write down |

FOR VALUE RECEIVED, the undersigned Borrower and any cosigners jointly and severally promise to pay to the order of the United States of America, acting through the Farm Service Agency, United States Department of Agriculture, (herein called the "Government"), or its assigns, at its office in P. O. Box 70, 70 Dick Huff Lane, Verona, VA 24482-0070

_____, or at such other place as the Government may later designate in writing, the principal sum of

Seventy-four thousand seven hundred eighty-seven and 78/100----------------------------------------- dollars

($ 74,787.78-------------------------------------), plus interest on the unpaid principal balance at the **RATE** of

Three and one-half------------------------------------------------------percent ( 3.50-------%) per annum and

N/A--------------------------------------------------------------------------- dollars ($ N/A------------------)

of Noncapitalized interest. If this note is for a Limited Resource loan (indicated in the "Kind of Loan" box above) the Government may **CHANGE THE RATE OF INTEREST**, in accordance with regulations of the Farm Service Agency, not more often than quarterly, by giving the Borrower thirty (30) days prior written notice by mail to the Borrower's last known address. The new interest rate shall not exceed the highest rate established in regulations of the Farm Service Agency for the type of loan indicated above.

Principal and interest shall be paid in (10) Ten installments as indicated below, except as modified by a different rate of interest, on or before the following dates:

$ 2,278.00 on 6/17/2005 ; $ 9,837.00 on 06/17/2006 ;
$ N/A on N/A ; $ N/A on N/A ;
$ N/A on N/A ; $ N/A on N/A ;
$ N/A on N/A ; $ N/A on N/A ;
$ N/A on N/A ; $ N/A on N/A ;
$ N/A on N/A ; $ N/A on N/A ;

and $ 9,837.00 thereafter on 6/17 of each year until the principal and interest are fully paid except that the final installment of the entire debtedness evidenced hereby, if not sooner paid, shall be due and payable (10) Ten years from the date of this note, and except that prepayments may be made as provided below. The consideration for this note shall also support any agreement modifying the foregoing schedule of payments.

If the total amount of the loan is not advanced at the time of loan closing, the loan funds shall be advanced to the Borrower as requested by Borrower and approved by the Government. Approval by the Government will be given provided the advance is requested for a purpose authorized by the Government. Interest shall accrue on the amount of each advance from its actual date as shown in the Record of Advances at the end of this note. Borrower authorized the Government to enter the amount(s) and date(s) of such advance(s) in the Record of Advances.

*Position 2*

For each rescheduled, reamortized or consolidated note for applications for Primary and Preservation Loan Service Programs received prior to November 28, 1990, interest accrued to the date of this instrument which is more than 90 days overdue shall be added to principal and such new principal shall accrue interest at the rate evidenced by this instrument. For applications for Primary and Preservation Loan Service Programs received on or after November 28, 1990, all unpaid interest accrued to the date of this instrument shall be added to the principal and such new principal shall accrue interest at the rate evidenced by this instrument.

Every payment made on any indebtedness evidenced by this note shall be applied first to a portion of any interest which accrues during the deferral period, second to accrued interest to the date of the payment on the note account and then to the principal. Nonprogram loans are not eligible for deferral.

Prepayments of scheduled installments, or any portion of these installments, may be made at any time at the option of the Borrower. Refunds and extra payments, as defined in the regulations (7 CFR § 1951.8) of the Farm Service Agency according to the source of funds involved, shall, after payment of interest, be applied to the last installments to become due under this note and shall not affect the obligation of Borrower to pay the remaining installments as scheduled in this note.

If the Government at any time assigns this note and insures the payment of it, Borrower shall continue to make payments to the Government as collection agent for the holder. While this note is held by an insured holder, prepayments made by Borrower may, at the option of the Government, be remitted by the Government to the holder promptly or, except for final payment, be retained by the Government and remitted to the holder on an installment due date basis. The effective date of every payment made by Borrower, except payments retained and remitted by the Government on an installment due date basis, shall be the date of the United States Treasury check by which the Government remits the payment to the holder. The effective date of any prepayment retained and remitted by the Government to the holder on an installment due date basis shall be the date of the prepayment by Borrower, and the Government will pay the interest to which the holder is entitled accruing between such date and the date of the Treasury check to the holder.

Any amount advanced or expended by the Government for the collection of this note or to preserve or protect any security for the loan or otherwise expended under the terms of any security agreement or other instrument executed in connection with the loan evidenced by this note, at the option of the Government shall become a part of and bear interest at the same rate as the principal of the debt evidenced by this note and be immediately due and payable by Borrower to the Government without demand.

Property constructed, improved, purchased, or refinanced in whole or in part with the loan evidenced by this note shall not be leased, assigned, sold, transferred, or encumbered, voluntarily or otherwise, without the written consent of the Government. Unless the Government consents otherwise in writing, Borrower will operate such property as a farm if this is a Farm Ownership loan.

If "Consolidation and subsequent loan," "Debt write down," "Consolidation," "Rescheduling," or "Reamortization" is indicated in the "Action Requiring Note" block in Item 9 above, this note is given to consolidate, reschedule or reamortize, but not in satisfaction of the unpaid principal and interest on the following described note(s) or assumption agreement(s) (new terms):

| FUND CODE/ LOAN NO. | FACE AMOUNT | INTEREST RATE | DATE (include year) | ORIGINAL BORROWER | LAST INSTALL. DUE (include year) |
|---|---|---|---|---|---|
| 44-01 | $ 68,320.00 | 5.00 % | 09/10/1999 | John M. Vest, Jr. | 09/10/2006 |
|  | $ | % |  |  |  |
|  | $ | % |  |  |  |
|  | $ | % |  |  |  |
|  | $ | % |  |  |  |
|  | $ | % |  |  |  |
|  | $ | % |  |  |  |

Security instruments taken in connection with the loans evidenced by these described notes and other related obligations are not affected by this consolidating, rescheduling or reamortizing. These security instruments shall continue to remain in effect and the security given for the loans evidenced by the described notes shall continue to remain as security for the loan evidenced by this note, and for any other related obligations.

**REFINANCING (GRADUATION) AGREEMENT:** If at any time it shall appear to the Government that the Borrower may be able to obtain financing from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and period of time, Borrower will, at the Government's request, apply for and accept a loan(s) in sufficient amount to pay this note in full and, if the lender is a cooperative, to pay for any necessary stock. The provisions of this paragraph do not apply if the loan represented by this promissory note was made to the Borrower as a non-program loan.

The U.S. Department of Agriculture (USDA) prohibits discrimination in all its programs and activities on the basis of race, color, national origin, gender, religion, age, disability, political beliefs, sexual orientation, and marital or family status. (Not all prohibited bases apply to all programs.) Persons with disabilities who require alternative means for communication of program information (Braille, large print, audiotape, etc.) should contact USDA's TARGET Center at (202) 720-2600 (voice and TDD). To file a complaint of discrimination, write USDA, Director, Office of Civil Rights, Room 326-W, Whitten Building, 1400 Independence Avenue, SW, Washington, D.C. 20250-9410 or call (202) 720-5964 (voice or TDD). USDA is an equal opportunity provider and employer.

**HIGHLY ERODIBLE LAND AND WETLAND CONSERVATION AGREEMENT:** Borrower recognizes that the loan described in this note will be in default should any loan proceeds be used for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity as further explained in 7 CFR Part 1940, Subpart G, Exhibit M. If (1) the term of the loan exceeds January 1, 1990, but not January 1, 1995, and (2) Borrower intends to produce an agricultural commodity on highly erodible land that is exempt from the restrictions of Exhibit M until either January 1, 1990, or two years after the Natural Resources Conservation Service (NRCS) has completed a soil survey for the Borrower's land, whichever is later, the Borrower further agrees that, prior to the loss of the exemption from the highly erodible land conservation restrictions found in 7 CFR Part 12, Borrower must demonstrate that Borrower is actively applying on that land which has been determined to be highly erodible, a conservation plan approved by the NRCS or the appropriate conservation district in accordance with NRCS's requirements. Furthermore, if the term of the loan exceeds January 1, 1995, Borrower further agrees that Borrower must demonstrate prior to January 1, 1995, that any production of an agricultural commodity on highly erodible land after that date will be done in compliance with a conservation system approved by NRCS or the appropriate conservation district in accordance with NRCS's requirements.

**DEFAULT:** Failure to pay when due any debt evidenced by this note or perform any covenant of agreement under this note shall constitute default under this and any other instrument evidencing a debt of Borrower owing to, insured or Guaranteed by the Government or securing or otherwise relating to such debt; and default under any such other instrument shall constitute default under this note. **UPON ANY SUCH DEFAULT,** the Government at its option may declare all or any part of any such indebtedness immediately due and payable.

This Note is given as evidence of a loan to Borrower made or insured by the Government pursuant to the Consolidated Farm and Rural Development Act, or the Emergency Agricultural Credit Adjustment Act of 1978 and for the type of loan as indicated in the "Kind of Loan" block above. This Note shall be subject to the present regulations of the Farm Service Agency and to its future regulations not inconsistent with the express provisions of this note.

Presentment, protest, and notice are waived.

(SEAL)

_____
JOHN M. VEST, JR.　　　　　　　　　　　　　　(Borrower)

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬
North Garden, VA  22959

### RECORD OF ADVANCES

| AMOUNT | DATE | AMOUNT | DATE | AMOUNT | DATE |
|--------|------|--------|------|--------|------|
| $ |  | $ |  | $ |  |
| $ |  | $ |  | $ |  |
| $ |  | $ |  | $ |  |
| $ |  | $ |  | $ |  |
|  |  |  | **TOTAL** | $ |  |



**COMMONWEALTH OF VIRGINIA
STATE CORPORATION COMMISSION**

Office of the Clerk

May 22, 2014

AUGUSTA FSA COUNTY OFFICE
ATTN: JEFFERY C JONES FLM
70 DICK HUFF LANE
VERONA, VA 24482

RECEIVED JUN 0 3 2014

**RECEIPT**

RE: JOHN M VEST JR

DCN/FILE NO: 14-05-16-3946-9

ORIGINAL DCN/FILE NO: 09-06-02-7214-4

Dear Customer:

This is your receipt for $20.00 covering the fees for filing a continuation statement with this office.

The effective date of the filing is May 16, 2014 at 01:21 PM.

If you have any questions, please call (804) 371-9733 or toll-free in Virginia, 1-866-722-2551.

Sincerely,

Joel H. Peck
Clerk of the Commission

FSACCEPT
FSC
CIS0509

P.O. Box 1197, Richmond, VA 23218-1197
Tyler Building, First Floor, 1300 East Main Street, Richmond, VA 23219-3630
Clerk's Office (804) 371-9733 or (866) 722-2551 (toll-free in Virginia) www.scc.virginia.gov/clk
Telecommunications Device for the Deaf-TDD/Voice: (804) 371-9206

Case 3:19-cv-00061-GEC   Document 1-4   Filed 10/01/19   Page 1 of 1   Pageid#: 12

AFFIDAVIT OF INDEBTEDNESS

Debtor: John Marshall Vest, Jr.

North Garden, VA 22959

Acct. #: 54-002-0229823282

| Loan Code | Current Note Date | Note Amount | Interest Rate | Unpaid Balances Interest | Unpaid Balances Principal | Total | Date of Last Payment | Status: Ahead/ Behind | Daily Interest Accrual | Security |
|---|---|---|---|---|---|---|---|---|---|---|
| 44-02 | 6/17/2004 | $74,787.87 | 3.500 | $12,040.21 | $46,077.88 | $58,118.09 | 3/19/2012 | Behind | $4.42 | Chattel-M/E, cattle |
| 44-98 | 5/9/2014 | $20.00 | 3.500 | $3.72 | $20.00 | $23.72 | | Behind | $0.00 | |
| | | | | | | $0.00 | | | | |
| | | | | | | $0.00 | | | | |
| | | | | | | $0.00 | | | | |
| | | | | | | $0.00 | | | | |
| | | | | | | $0.00 | | | | |
| | | | | | | $0.00 | | | | |
| | | | | | | $0.00 | | | | |
| | Total | $74,807.87 | | $12,043.93 | $46,097.88 | $58,141.81 | | $ - | $4.42 | |

This account information is correct as of September 5, 2019, and represents an indebtedness that is due and owing to the United States of America through its agency, Farm Service Agency, successor to Farmers Home Administration. The last date of payment on this account was March 19, 2012. I certify under penalty of perjury that the foregoing is true and correct pursuant to the provisions of title 28 U.S.C § 1746.

_Laura Fisher, FLS_    9/5/2019

Laura Fisher    Date
Farm Loan Specialist
Farm Service Agency
Virginia State Office